IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-65-L-4 |
| | § | |
| RICHARD MENDEZ, | § | |
| #07557-104, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons and the COVID-19 virus pandemic (Doc. 600), filed June 25, 2020. Also before the court are Defendant's supplemental information (Doc. 601, 602, 603). As detailed herein, Defendant's motion is **denied**.

### I.

Defendant pleaded guilty to conspiring to commit mail fraud, wire fraud, bank fraud, and telemarketing fraud and, on July 8, 2019, was sentenced to 60 months of imprisonment and a three-year term of supervised release. Doc. 506. Defendant was also ordered to pay $244,861.58 in restitution, which he has fully paid. He now seeks release from confinement because he suffers from a preexisting, chronic medical condition—stage two hypertension with high blood pressure of at least 150/90 and his condition has not responded to treatment—all of which he contends renders him more susceptible to the COVID-19 virus.

According to the Bureau of Prison's ("BOP's") website, Defendant is 50 years old, has a projected release date of April 10, 2023, and is presently confined at the Miami FCI minimum security satellite camp in Miami, Florida. As of July 14, 2020, the BOP's website reported 20

COVID-19 positive cases among Miami FCI's inmates and 7 among staff members.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Defendant offers no proof that he exhausted all his administrative remedies.  While he states that the warden denied his request for a reduction in sentence on June 8, 2020, he does not assert that he attempted to commence an appeal through the BOP's administrative process.  *See* 18 U.S.C. § 3582(c)(1)(A) (permitting a defendant to file a motion after (1) he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) 30 days after the warden of his facility received his request that the warden make a motion on his behalf, whichever is earlier).

Notwithstanding his assertions, Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on July 14, 2020).

(3d Cir. 2020); *see also United States v. Miller,* No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020).  Moreover, Defendant does not provide specific factual information unique to his own circumstances sufficient to excuse his failure to exhaust administrative remedies even considering the exceptional circumstances of the COVID-19 pandemic.  *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)).  Thus, the court concludes that Defendant has failed to exhaust his administrative remedies.

Even discounting Defendant's failure to exhaust, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons."  Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Muniz,* ___ F. Supp. 3d ___, 2020 WL 1540325, at *1 (S.D. Tex. Mar.  30, 2020) (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical condition—stage two hypertension with high blood pressure of at least 150/90 and his condition has not responded to

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

treatment—or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. He fails to establish that his condition (1) is sufficiently severe, (2) has an end of life trajectory, and (3) diminishes his ability to provide self-care. Even considering that his hypertension has not responded to treatment and that his blood pressure remains high, Defendant's condition is insufficient to establish exceptional and compelling circumstances to warrant compassionate release. Although his counsel ostensibly was unable to obtain his prison medical records. Defendant fails to explain his unique circumstances and symptoms, his BOP's "care level," and the treatment that he receives daily for his high blood pressure. *Cf. Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the court to assess his current ability to provide self-care").

General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering Defendant's age (50) and that 20 inmates and 7 staff members have tested positive for COVID-19 at Miami FCI. *See Raia*, 954 F.3d at 597. Moreover, "the [c]ourt must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Delgado*, 2020 WL 2542624, at *3.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for

compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for conspiring to commit mail fraud, wire fraud, bank fraud, and telemarketing fraud. At sentencing, the advisory guidelines range was 87-108 months and the court departed below that range to 60 months after considering the government's motion for departure and the Defendant's motion for variance and hearing from both sides. Doc. 570 at 261( *Sentencing Tr.*). In determining the sentence, the court took into account the number of people that Defendant helped, his full restitution payment, his age, as well his desire to set up a trust for any future victims that may come forward. The court also believed that Defendant was remorseful for his actions. Doc. 570 at 256-61.

Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 15th day of July, 2020.

Sam A. Lindsay<br>
United States District Judge